# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **WINGSPAN PORTFOLIO** § | **Case No. 15-41669** | |
| **HOLDINGS, INC.,** § | | |
| § | **(Chapter 7)** | |
| Debtor. § | | |
| § | | |
| **MICHELLE H. CHOW, TRUSTEE,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **ADV. NO. _____** | |
| § | | |
| **VIKASH JAIN,** § | | |
| § | | |
| Defendant. § | | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT
_____

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Michelle H. Chow, duly appointed Chapter 7 Trustee for the estate of Wingspan Portfolio Holdings, Inc., files this Complaint against Vikash Jain and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Michelle H. Chow ("Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Wingspan Portfolio Holdings, Inc. ("Debtor" or "WPH").

2. Defendant Vikash Jain ("Jain") is a former Executive Vice President, a former director, and investor of the Debtor and may be served at his residence located at 5021 Southern Hills Drive, Frisco, Texas 75034.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

## II. JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541 and 542.

## III. BACKGROUND

4. On December 2, 2015, an Agreed Order for Relief under Chapter 7 of title 11 of the United States Code ("Bankruptcy Code") was entered against WPH. Michelle H. Chow is the duly appointed Chapter 7 Trustee of the Debtor.

5. Jain signed a Secured Promissory Note in the original principal sum of $201,725.59 payable to WPH dated October 25, 2012 (the "Note"). Under the terms of the Note, Jain promised to pay to the order of WPH the principal amount of $201,725.59 on or before the earlier of: (1) December 31, 2015; or (2) the occurrence of a Triggering Event as defined within the Note. As defined in the Note, a Triggering Event occurred when Jain failed to be employed by Wingspan Portfolio Advisors, LLC or its affiliates on October 21, 2014. As such, the principal amount, together with interest thereon from the date of execution until paid is due in full.

6. Plaintiff made demand upon Jain on June 9, 2017. Despite demand, Jain failed and refused, and continues to fail and refuse, to honor his obligations.

## IV. CAUSE OF ACTION NO. 1 – BREACH OF CONTRACT

7. The Trustee incorporates and realleges the factual allegations contained in all preceding paragraphs herein by reference for all purposes.

8. Jain breached the Note by failing to pay the principal and interest in full by the maturity date. On June 9, 2017, Trustee gave written notice of default and made demand to Jain for payment in full. Jain failed and refused, and continues to fail and refuse, to remedy the default in accordance with the Trustee's demands. As a result of Defendant's default, Trustee has been

damaged in the sum of $159,918.61 as unpaid principal, plus interest at the rate of 10% per annum from the date of breach until the date of judgment, plus attorney's fees, and post-judgment interest at the highest rate allowed by law.

9. It was necessary for the Trustee to retain counsel as a result of Defendant's breach of the Note. Jain is responsible to reimburse the Trustee for reasonable and necessary attorneys' fees incurred herein pursuant to Tex. Civ. Prac. & Rem. Code, Section 38.001 et. seq. and under the Note.

### V. CAUSE OF ACTION NO. 2 – TURNOVER OF PROPERTY OF THE ESTATE

10. The Trustee incorporates and realleges the factual allegations contained in all preceding paragraphs herein by reference for all purposes.

11. Section 542(b) of the Bankruptcy Code provides, in relevant part, that a debtor may recover property in an action for turnover as follows:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

12. Monies owed to the Debtor constitute property of the estate pursuant to 11 U.S.C. § 541(a) of the Bankruptcy Code because property of the estate includes all legal and equitable interests of the Debtor in property as of the commencement of the case, as well as any interest in property that the estate acquires after commencement of the case.

13. Jain is holding at least $159,253.92 plus interest in funds for the Note, and such debt is matured.

14. These funds in the possession of Jain constitute property of the Debtor's bankruptcy estate under 11 U.S.C. § 541.

15. Jain's continued withholding of such funds from the Trustee is wrongful, and Jain has failed to turn over all amounts owing to Debtor.

16. Under Section 542(a) of the Bankruptcy Code, Jain is obligated to immediately account for and turnover to the Trustee all amounts owing to the Debtor with respect to the Secured Promissory Note, together with interest, attorney's fees, and other related costs of collection.

17. Accordingly, the Trustee demands that Jain turn over the funds owed under the Secured Promissory Note in the amount of $159,253.92 plus interest, fees and costs.

WHEREFORE, the Trustee prays that the Court enter judgment against Vikash Jain for such damages as can be proven at trial plus interests, attorney's fees, and costs thereto and for such other and further relief as she may show himself justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/Todd A. Hoodenpyle
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com
Michelle E. Shriro
State Bar No. 18310900
mshririo@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
MICHELLE H. CHOW, TRUSTEE