# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **WINGSPAN PORTFOLIO** § | **Case No. 15-41669** | |
| **HOLDINGS, INC.,** § | | |
| § | **(Chapter 7)** | |
| Debtor. § | | |
| § | | |
| **MICHELLE H. CHOW, TRUSTEE,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **ADV. NO. 17-04100** | |
| § | | |
| **VIKASH JAIN,** § | | |
| § | | |
| Defendant. § | | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES CHIEF BANKRUPTCY JUDGE:

Michelle H. Chow, Chapter 7 Trustee for the Bankruptcy Estate of Wingspan Portfolio Holdings, Inc. ("Trustee"), Plaintiff, files this Supplemental Brief in Support of Motion to Strike Defendant's Demand for Jury, and would respectfully show the Court as follows:

**I.**

1. At the hearing on Plaintiff's Motion to Strike Defendant's Demand for Jury Trial, the Court requested additional briefing on the issue of whether the collection of a note or receivable constitutes a core matter under 28 U.S.C. § 157.

2. In *In re Royce Homes*, the trustee filed an adversary pursuing a single claim under 11 U.S.C. §542(b) to recover unpaid advances to the defendant.[1] In the context of a motion to withdraw the reference, Judge Bohm determined that a debt, whether an account receivable or a note receivable, is property of the estate.[2] Judge Bohm ruled that "the Trustee § 542(b) claim in the Turnover Suit falls within the category of core proceedings delineated by 28 U.S.C. § 157(b)(2)(E)."[3]

3. A foreclosure proceeding amounted to an action based on the turnover of a matured debt that is the property of the bankrupt estate within the meaning of 11 U.S.C. § 542(b).[4]

4. One court determined that it had core jurisdiction over breach of contract, turnover and Section 502(d) claims and defenses to those claims pursuant to 28 U.S.C. § 157(b)(2)(B), (E) and (O), and has authority to enter final orders in that proceeding.[5]

WHEREFORE, Michelle H. Chow, Trustee, Plaintiff, requests that the Court enter an order striking Defendant's Demand for Jury Trial, and for such other and further relief to which she may be entitled.

---

[1] *In re Royce Homes, LP*, 578 B.R. 748 (Bankr. S.D. Tex.2017).
[2] *Id.* at 758.
[3] *Id.*
[4] *In re Cassidy Land & Cattle Co., Inc.*, 836 F.2d 1130, 1133 (8th Cir. 1988), *but cf. In re Charter Co.*, 913 F.2d 1575 (11th Cir.1990).
[5] *In re Commercial Fin. Servs., Inc.*, 255 B.R. 68, 72 (Bankr. N.D. Okla. 2000).

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE**
**DEFENDANT'S DEMAND FOR JURY TRIAL – PAGE 2**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/Todd A. Hoodenpyle
       Todd A. Hoodenpyle
       State Bar No. 00798265
       hoodenpyle@singerlevick.com
       Michelle E. Shriro
       State Bar No. 18310900
       mshririo@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
MICHELLE H. CHOW, TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon the party listed below via separate electronic mail on this 13th day of March 2018.

Patrick Cory Barnwell
Barnwell Law Group, P.C.
2425 Commerce Avenue NW, Ste. 300
Duluth, GA  30096
cbarnwell@barnwelllawgroup.com

       /s/ Todd A. Hoodenpyle
       Todd A. Hoodenpyle

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S DEMAND FOR JURY TRIAL – PAGE 3**