# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **WINGSPAN PORTFOLIO HOLDINGS, INC.,** | § | Case No. 15-41669 |
| | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| **MICHELLE H. CHOW, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 17-04100 |
| | § | |
| **VIKASH JAIN,** | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S DEMAND FOR JURY TRIAL AND MOTION FOR DETERMINATION THAT ADVERSARY PROCEEDING IS NON-CORE

**No hearing will be conducted on this motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to this Court's instructions to the parties at the hearing on February 27, 2018, Defendant Vikash Jain files this Supplemental Brief in Support of Defendant's Demand for Jury

Trial and Motion for Determination that Adversary Proceeding is Non-Core[1] to address the issues of whether this proceeding is a core proceeding as defined by 28 U.S.C. § 157, whether the claim in Plaintiff's Original Petition (the "Petition") under Cause of Action No. 2 requesting a Turnover of Property of the Estate [Doc. 1] is a valid claim such that this proceeding is a core proceeding, and whether any claims were made by the Defendant against the bankruptcy debtor that make this proceeding a core proceeding.

## INTRODUCTORY STATEMENT

At the hearing on February 27, 2018 to hear argument on the Defendant's Demand for Jury Trial [Doc. 12], this Court *sua sponte* raised the question of whether this proceeding was a core or non-core proceeding pursuant to the Court's duty to make such a determination under 28 U.S.C. 157(b)(3). The Court's *sua sponte* inquiry was specific as to three (3) issues that bear on whether this case is a core or non-core proceeding and requested supplemental briefing on the following:

(1) Whether Plaintiff's Breach of Contract claim makes this a core proceeding;

(2) Whether Plaintiff's Turnover of Property of the Estate claim makes this is a core proceeding; and

(3) Whether the Defendant's general defense of an offset of the amounts allegedly owed is a claim against the Debtor such that this is a core proceeding.

Defendant responds to the Court's inquiry by showing that (1) the Plaintiff's claim of Breach of Contract is unconstitutional to be tried in this Court under Northern Pipeline Construction Company v. Marathon Pipe Line Company, 458 U.S. 50 (1982), (2) actions to collect accounts receivable based upon state law contract principles do not fall within the scope of

---

[1] Although the issue of this Court's jurisdiction to enter final orders in this case as a core-proceeding has been raised by the Court *sua sponte*, Defendant files this Motion for Determination that Adversary Proceeding is Non-Core out of an abundance of caution to avoid any argument of waiver. Defendant reserves the right to challenge the subject matter jurisdiction of the United States District Court in the event this case is transferred.

2

turnover actions as contemplated by 11 U.S.C. § 542 and 28 U.S.C. § (b)(2)(E) absent a final judgment from a court of competent jurisdiction, a stipulation, or some other binding determination of liability, and (3) the non-creditor Defendant's general defense that certain amounts should be offset against the amounts alleged due to Plaintiff does not make this a core proceeding.

## RELEVANT BACKGROUND FACTS

Plaintiff filed her Petition on October 11, 2017 alleging that the Defendant owed the bankruptcy Debtor "$159,918.61 as unpaid principal, plus interest at the rate of 10% per annum from the date of the breach until the date of judgment, plus attorney's fees, and post-judgment interest at the highest rate allowed by law." [Doc. 1, ¶ 8]. Plaintiff claimed that this Court had jurisdiction over this matter "pursuant to 28 U.S.C. §§ **157** and 1334 and 11 U.S.C. § 541 and **542**." [Doc 1., ¶ 3] (emphasis added).

Without delving into the merits of the case except to the extent that they pertain to the Court's inquiry regarding whether this is a core proceeding, Defendant asserted numerous Affirmative Defenses, including that there was an accord and satisfaction and/or a novation. [Doc. 4]. At the time of the Answer (and prior to the benefit of discovery), Defendant did not specifically allege a defense of an offset in his Answer, nor did he file a counterclaim, nor is he currently seeking any property of the Debtor, nor is he a creditor of the bankruptcy estate.

Instead, Defendant has taken the position during discovery, and during his deposition, that certain payments that were to be made to him under an October 21, 2014 Agreement (the "Advisory Agreement") in which Defendant's employment was terminated in exchange for a severance of $15,000.00 per month plus COBRA benefits were not made. Therefore, to the extent any amounts are actually due to Plaintiff as alleged in the Petition, Defendant contends that those amounts should be offset at least $75,000 for the minimum of the five (5) months (or potentially longer) period in which they were due. Again, Defendant's general defense is limited to the extent

that any monies are actually due from Defendant to Plaintiff, and it is Defendant's position that neither party owes either party any monies under any agreements.

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

In one of the first cases in Texas after the U.S. Supreme Court's decision in Marathon, the U.S. Bankruptcy Court for the Northern District of Texas determined, *sua sponte*, that in a case with nearly identical facts (i.e. an action for accounts receivable and a turnover action related to those accounts) that "actions to collect accounts receivable based upon state law contract principles do not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E), absent a final judgment from a court of competent jurisdiction, a stipulation, or some other binding determination of liability." In re Satelco, Inc., 58 B.R. 781, 789 (Bankr. N.D. Tex. 1986).

In addition, the Court held that disguising the accounts receivable action as a turnover in attempt to use U.S.C. § 157(b)(2)(O) "as a jurisdictional basis for collection of accounts receivable is unconstitutional under Marathon." Id. The Court in Satelco determined that, as a result, it was without jurisdiction to make a final determination on the merits absent consent of the parties. Id. Other Bankruptcy Courts in Texas followed the principles set forth in Satelco soon thereafter. *See* In re Republic Reader's Serv., Inc., 81 B.R. 422, 430 (Bankr. S.D. Tex. 1986); In re Aristera Co., 65 B.R. 928, 930 (Bankr. N.D. Tex. 1986).

The Fifth Circuit Court of Appeals also addressed U.S.C. § 157(b)(1)'s application and its vesting of full judicial power in bankruptcy courts over "core proceedings *arising under title 11, or arising in a case under title 11*", and determined that "the phrases 'arising under' and 'arising in' are helpful indicators of the meaning of core proceedings. Wood v. Wood (In re Wood), 825 F.2d 90, 96-97 (5th Cir. 1987) (emphasis in original). The Court of Appeals went on to state that "[i]f the proceeding does not invoke a substantive right created by federal bankruptcy law and is

one that could exist outside of bankruptcy **it is not a core proceeding**." Id. at 97. (emphasis added).

The Fifth Circuit Court of Appeals then expressly held "that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Id. Because the action on appeal in Wood was "simply a state contract action that, had there been no bankruptcy, could have proceeded in state court" as is true in this present case before this Court, it was therefore not a core proceeding as defined by U.S.C. § 157 and therefore remanded the case back to the U.S. District Court for further proceedings.

The facts in this case are remarkably similar to those of Wood and In Re: Satelco. There has been no judgment, stipulation, or liability otherwise been imposed on the Defendant such that the Plaintiff's turnover cause of action is valid such that this case is a core proceeding.

Further, the breach of contract is a state law claim that could exist outside of this bankruptcy case and fails to invoke any substantive rights created by federal bankruptcy law, which the Fifth Circuit Court of Appeals expressly held to be a non-core proceeding.

Lastly, the Defendant has made no claims against the Debtor, either by counterclaim, as a creditor, or otherwise that indicate Defendant seeks to recover any property from the bankruptcy Debtor such that this a core proceeding arising in or out of the Debtor's Chapter 7 bankruptcy case.

## CONCLUSION

Based on the above and consistent with the opinions of other Texas Bankruptcy Courts and the precedent set by the Fifth Circuit Court of Appeals[2], the Defendant respectfully moves this Court to determine this proceeding as a non-core proceeding as defined by U.S.C. § 157, grant the

---

[2] Defendant points out to this Court that the single Texas case relied upon by Plaintiff on this issue is a case from a Bankruptcy Court in the Southern District of Texas.  No cases cited by Plaintiff are binding upon this Court.

5

Defendant's Demand for Jury Trial, and transfer this case to the U.S. District Court for the Eastern District of Texas for further proceedings (to the extent that it has subject matter jurisdiction to hear Plaintiff's claims) in the interest of judicial economy so that the District Court may hear all matters prior to it conducting the jury trial.

Respectfully submitted this 13th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Todd Hoodenpyle, counsel for Plaintiff, in open Court regarding the Defendant's Demand for Jury Trial and the issue of whether this matter is a non-core proceeding, and he is opposed to Defendant's position.

Certified this 13th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2018, a true and correct copy of the above **SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S DEMAND FOR JURY TRIAL AND MOTION FOR DETERMINATION THAT ADVERSARY PROCEEDING IS NON-CORE** was served upon the attorneys of record below in the above entitled and numbered case via ECF and via regular U.S. mail.

Todd A. Hoodenpyle
Michelle E. Shriro
Singer and Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
**Attorneys for Plaintiff**

Certified this 13th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com