## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **WINGSPAN PORTFOLIO** § | **Case No. 15-41669** | |
| **HOLDINGS, INC.,** § | | |
| § | **(Chapter 7)** | |
| Debtor. § | | |
| § | | |
| § | | |
| **MICHELLE H. CHOW, TRUSTEE,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **ADV. NO. 17-04100** | |
| § | | |
| **VIKASH JAIN,** § | | |
| § | | |
| Defendant. § | | |

### DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED AND RESTATED ANSWER

**No hearing will be conducted on this motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant Fed. R. Civ. P. 15 as incorporated by Fed. R. Bankr. P. 7015, Defendant Vikash Jain files this Opposed Motion for Leave to File First Amended and Restated Answer respectfully showing this Honorable Court the following:

## INTRODUCTORY STATEMENT

Defendant seeks leave to file the proposed Defendant's First Amended and Restated Answer attached hereto as Exhibit "A" adding two (2) additional affirmative defenses based upon recent admissions of the Plaintiff during discovery. Specifically, Defendant seeks to add an affirmative defense of payment as defined by Fed R. Civ. P. 8(c)(1) seeking an offset of any alleged amounts due from him under the promissory note at issue in this case based on Plaintiff's recent admission that Defendant was not paid amounts due to him under a certain agreement between the Debtor and Defendant dated October 21, 2014 (the "Advisory Agreement"). Defendant also seeks to assert the doctrine of excessive demand as an affirmative defense to Plaintiff's claim for attorney's fees under Tex. Civ. Prac. & Rem. § 38.001(8) as is required under Texas law.

Defendant respectfully requests that this Court grant leave because leave is being sought in accordance with this Court's Order Arising From Management Conference [Doc. 13], and the proposed First Amended and Restated Answer does not operate as a surprise or prejudice to Plaintiff.

## RELEVANT BACKGROUND FACTS

This suit originated with claims of Breach of Contract, Turnover of Property and for attorney's fees pursuant to Tex. Civ. Prac. & Rem. § 38.001(8). [Doc. 1].

Defendant timely filed his Defendant's Answer to Plaintiff's Original Complaint on November 9, 2018, asserting affirmative defenses including, but not limited to, novation and accord and satisfaction as defined by Texas law.

At the time of the suit and until a recent supplement of a request for admission propounded on Plaintiff by Defendant, Defendant was of the belief that an agreement between the Debtor and the Defendant acted either as a novation or an accord and satisfaction and that neither party owed either party any sums due under any agreement.

At the time of Defendant's First Request for Admissions, Defendant requested that Plaintiff "[a]dmit that [Debtor] never provided Defendant with any amounts due to the Defendant under the Advisory Agreement." Plaintiff denied this request for admission.

After repeated insistence by Defendant for Plaintiff to supplement her response based upon the facts and position of Plaintiff as this case has developed through discovery (and her duties under Fed. R. Civ. P. 37, Plaintiff finally supplemented her response on March 21, 2018 stating that "[b]ased upon the information currently available, Plaintiff admits that Debtor did not make the 'Advisory Payments' as that term is defined in the October 21, 2014 Agreement, to Defendant." (See Plaintiff's First Supplemental Objections and Responses to Defendant's First Requests for Admissions, attached as Exhibit "B").

Accordingly and in an abundance of caution, Defendant now seeks to plead in the alternative that, if there was not a novation or an accord and satisfaction that alleviated the parties' obligations to one another under any agreement, that Defendant is entitled to an offset and that the initial demand letter sent by Plaintiff was excessive under the doctrine of excessive demand for not accounting for the payments that Debtor failed to make to Defendant.

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 15(a)(2), as incorporated to this Court by Fed. R. Bankr. P. 7015, permits a party to amend its pleadings with the opposing parties' consent or the Court's leave. Under Rule 15(a)(2), the Court should freely grant leave when justice so requires. Rule 15(a)(2) creates a "presumption in favor of granting parties leave to amend" and serves the aim of "promoting litigation on the merits rather than on procedural technicalities." See Mayeaux v. Louisana Health Serv. And Indem. Co., 376 F.3d 420, 425-427 (5th Cir. 2004). Rule 15(a) "evinces a bias in favor of granting leave to amend." Id.

3

As a result, a Court abuses its discretion if it denies leave to amend without a "substantial reason," such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice, or futility of the amendment. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962).

A.  **Defendant's First Amended and Restated Answer is Timely.**

This Court should grant leave, because the Defendant is seeking to amend his original Answer in accordance with the Court's Order Arising From Management Conference [Doc. 13]. Since this motion is being filed in accordance with Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15, Defendant's motion for leave to add affirmative defenses based on the recent admissions of Plaintiff provided to the Defendant on March 21, 2018 should be granted as Defendant attempted to confer on this issue with opposing counsel while still timely filing this motion.

B.  **Plaintiff's Recent Admission Creates the Affirmative Defenses Defendant Seeks to Add.**

As stated above, Defendant originally served discovery requests, including requests for admission, on January 15, 2018 requesting that Plaintiff admit that certain amounts due to Defendant under the Advisory Agreement, which could be approximately in excess $75,000 based on certain conditions present in the Advisory Agreement that required Debtor to pay $15,000 and other benefits for a period of time for which there is a dispute of fact.

Notwithstanding that, Plaintiff's First Supplemental Objections and Responses to Defendant's First Requests for Admissions (Exhibit "B") now unequivocally states that certain amounts, that Plaintiff contends were due to the Defendant, were in fact not paid. As a result, the affirmative defenses of payment/offset and the doctrine of excessive demand (based upon the Plaintiff's original demand letter failing to give Defendant any credit for payments Plaintiff alleges were owed to Defendant) are now ripe to be plead by Defendant.

4

# CONCLUSION

Based on the above, Defendant respectfully requests that this Court grant Defendant's Opposed Motion for Leave to File First Amended and Restated Answer in the interests of justice and to promote litigation on the merits of this case.

Respectfully submitted this 26th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

# CERTIFICATE OF CONFERENCE

I certify that I attempted to confer on March 21, 2018 with Todd Hoodenpyle, counsel for Plaintiff, via e-mail regarding the Defendant's Motion for Leave to File First Amended and Restated Answer, and he failed to respond or otherwise confer.

Certified this 26th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2018, a true and correct copy of the above **DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED AND RESTATED ANSWER** was served upon the attorneys of record below in the above entitled and numbered case via ECF and via regular U.S. mail.

Todd A. Hoodenpyle
Michelle E. Shriro
Singer and Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
**Attorneys for Plaintiff**

Certified this 26th day of March, 2018.

/s/ Patrick Cory Barnwell
PATRICK CORY BARNWELL
GA Bar No.: 466740
Counsel for Defendant
Admitted *Pro Hac Vice*

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com