# EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **WINGSPAN PORTFOLIO HOLDINGS, INC.,** | § | Case No. 15-41669 |
| | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| **MICHELLE H. CHOW, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 17-04100 |
| | § | |
| **VIKASH JAIN,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED AND RESTATED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Defendant Vikash Jain ("Jain"), by and through his undersigned counsel, and hereby files his Defendant's First Amended and Restated Answer to Plaintiff's Original Complaint (the "Answer") asserting the following defenses and answering the allegations of Plaintiff's Original Complaint (the "Complaint") filed by Michelle H. Chow as Trustee (the "Trustee") of Wingspan Portfolio Holdings, Inc. in the order presented by Plaintiff by showing this Honorable Court as follows:

### AFFIRMATIVE DEFENSES BY DEFENDANT

#### FIRST DEFENSE

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In addition to or in the alternative, Jain alleges that the Complaint and each cause of action therein, is barred by Debtor's own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Plaintiff alleges.

## THIRD DEFENSE

In addition to or in the alternative, Jain alleges that the Complaint, and any of the causes of action contained therein, is barred by the equitable doctrine of estoppel or quasi-estoppel.

## FOURTH DEFENSE

In addition to or in the alternative, Jain alleges that the Complaint, and any of the causes of action contained therein, is barred by the defense of election of remedies.

## FIFTH DEFENSE

In addition to or in the alternative, Defendant alleges that the Complaint, and any of the causes of action contained therein, is barred by the defense of ratification.

## SIXTH DEFENSE

In addition to or in the alternative, Jain alleges that the Complaint, and any of the causes of action contained therein, is barred by the defense of waiver.

## SEVENTH DEFENSE

In addition to or in the alternative, Jain alleges that the Complaint, and any of the causes of action contained therein, is barred by the defense of failure to mitigate damages.

## EIGHTH DEFENSE

In addition to or in the alternative, Defendant alleges that the First Amended Complaint and any or all of the causes of action contained therein are barred by the defense of accord and satisfaction.

## NINTH DEFENSE

In addition to or in the alternative, Defendant alleges that the First Amended Complaint, and any of the causes of action contained therein, is barred by the defense of novation.

## TENTH DEFENSE

In addition to or in the alternative, Defendant alleges that the First Amended Complaint, and any of the causes of action contained therein, is barred by the defense of payment.

## ELEVENTH DEFENSE

In addition to or in the alternative, Defendant alleges that the First Amended Complaint, and any of the causes of action contained therein, is barred by the doctrine of excessive demand.

## RESPONSES TO SPECIFIC ALLEGATIONS

### I. PARTIES

1. Jain admits the allegations contained in paragraph 1 of the Complaint.

2. Jain admits the allegations contained in paragraph 2 of the Complaint.

### II. JURISDICTION

3. Jain admits the allegations contained in paragraph 3 of the Complaint.

### III. BACKGROUND

4. Jain lacks the personal knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore the allegations are denied.

5. Jain admits the allegations contained in paragraph 5 of the Complaint to the limited extent that the "Note", as defined in the Complaint, was entered into by and between Jain and the Debtor, and that a "Triggering Event", as defined in the Complaint, occurred. Jain denies all remaining allegations in paragraph 5 of the Complaint and demands strict proof of same.

6. Jain admits the allegations contained in paragraph 6 of the Complaint to the limited extent that a purported "demand" was made upon Jain on or around June 9, 2017. Jain denies all remaining allegations in paragraph 6 of the Complaint and demands strict proof of same.

## IV. CAUSE OF ACTION NO. 1 – BREACH OF CONTRACT

7. Jain denies the allegations contained in paragraph 7 of the Complaint to the extent that Plaintiff attempts to reincorporate all previous allegations into paragraph 7 of the Complaint by reference.

8. Jain denies the allegations contained in paragraph 8 of the Complaint.

9. Jain denies the allegations contained in paragraph 9 of the Complaint.

## V. CAUSE OF ACTION NO. 2 – TURNOVER OF PROPERTY OF THE ESTATE

10. Jain denies the allegations contained in paragraph 7 of the Complaint to the extent that Plaintiff attempts to reincorporate all previous allegations into paragraph 7 of the Complaint by reference.

11. The allegations contained in paragraph 11 of the Complaint are statements of law to which no response is required, to the extent a response is required, the allegations contained in paragraph 11 are admitted.

12. The allegations contained in paragraph 12 of the Complaint are statements of law to which no response is required, to the extent a response is required, the allegations contained in paragraph 12 are admitted.

13. Jain denies the allegations contained in paragraph 13 of the Complaint.

14. Jain denies the allegations contained in paragraph 14 of the Complaint.

15. Jain denies the allegations contained in paragraph 15 of the Complaint.

16. Jain denies the allegations contained in paragraph 16 of the Complaint.

17. Jain denies the allegations contained in paragraph 17 of the Complaint.

**WHEREFORE**, Jain prays that Plaintiff takes nothing by the causes of action as alleged and for such additional relief, in law and in equity, to which he may be justly entitled.

Respectfully submitted this _____ day of _____, 2018.

_____
PATRICK CORY BARNWELL
GA Bar No.: 466740
Admitted *Pro Hac Vice*
as counsel for Defendant

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of _____, 2018, a true and correct copy of the above **DEFENDANT'S FIRST AMENDED AND RESTATED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** was served upon the attorneys of record below in the above entitled and numbered case via the Court's CM/ECF filing system and via regular U.S. mail.

Todd A. Hoodenpyle
Michelle E. Shriro
Singer and Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
**Attorneys for Plaintiff**

Certified this _____ day of _____, 2018.

_____
PATRICK CORY BARNWELL
GA Bar No.: 466740
Seeking Admission *Pro Hac Vice*
as counsel for Defendant

Barnwell Law Group, P.C.
2425 Commerce Avenue NW
Suite 300
Duluth, GA 30096
(678) 367-2196 (telephone)
(404) 559-0778 (facsimile)
cbarnwell@barnwelllawgroup.com